IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02636-RBJ

HR BRIARGATE, LLC, a Delaware limited liability company,

    Plaintiff,

v.

COLORADO SPRINGS ORTHOPAEDIC ASSOCIATION, P.C. a Colorado corporation,
COLORADO SPRINGS ORTHOPAEDIC GROUP, and
ASHLEY A. WIECHMANN,

    Defendants.

## ORDER

Defendant Ashley A. Wiechmann moves to dismiss the claims against him for failure to state a claim on which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

**Facts**

According to the Amended Complaint, in May 2008 the Colorado Springs Health Education Foundation, LLC entered into a lease agreement for space within a medical office center known as NorthCare at St. Francis. The Colorado Springs Orthopedic Group (CSOG) guaranteed the tenant's performance. HR Briargate acquired the property and took over as the landlord. The tenant defaulted, and HR Briargate now seeks to enforce the guaranty.

The guaranty, attached as an exhibit to the Amended Complaint [#7-8], was signed by Ashley Wiechmann who was the Chief Executive Officer of CSOG. The signature block is what prompted HR Briargate to join Mr. Wiechmann as a defendant. It reads:

1

  IN WITNESS WHEREOF, the Guarantor has executed this instrument the day and year first above written.

     *Ashley Wiechmann*
     Guarantor


     By: *Ashley Wiechmann CEO*
     Name: *Colorado Springs Orthopedic Group*
     Its: _____

  HR Briargate first alleges that because Mr. Wiechmann signed the Guaranty in his capacity as CEO of CSOG, his execution of the Guaranty is binding on CSOG. The Amended Complaint then continues, "Wiechmann also personally signed the Guaranty as "Guarantor." To the extent the Guaranty is found unenforceable against CSOG for any reason, Wiechmann is liable as signatory." Amended Complaint [#7] ¶ 11. The gist of the pending motion is that the Amended Complaint does not allege a plausible claim against Mr. Wiechmann as a guarantor.

**Standard**

  In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). The Court generally does not look beyond the four corners of the complaint, but it may consider documents attached to the complaint. *See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir. 1997).[1] However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and

---

[1] Accordingly, the Court has not considered the Wiechmann Affidavit that was submitted with the motion.

conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

### Conclusions

The first paragraph of the Guaranty plainly identifies CSOG as "the Guarantor." Nowhere in the Guaranty is there any indication that the parties intended Mr. Wiechmann to be an additional guarantor. HR Briargate suggests that the fact that Mr. Wiechmann signed in two places, one being in the blank above the word "Guarantor'" makes him an additional guarantor. The Court finds that argument to be all but frivolous.

The form was drafted so as to solicit the signature of the guarantor. But an LLC is an entity that can't sign anything. Its execution of a contract has to be made by a person. It is therefore not surprising, given the wording of the signature block, that Mr. Wiechmann would sign in the "Guarantor" blank and again in the "By" blank, the latter time noting that he was the CEO for CSOG, the actual guarantor. One must remember that "guaranty agreements, as distinguished from ordinary contracts are to be strictly construed and are not to be extended by implication beyond the express terms of the instrument or the plain intent of the parties." *A.R.A. Mfg. Co. v. Cohen*, 654 P.2d 857, 859 (Colo. App. 1982). It is evident from any reasonable reading of the Guaranty that the intent of the parties was that CSOG was the guarantor, and the only guarantor, of the lease. The conclusory allegation that "Wiechmann also personally signed the Guaranty as 'Guarantor'" need not be accepted as true, particularly in the face of documentary evidence that contradicts it. HR Briargate's notion that Mr. Wiechmann's supposed guaranty kicks in if CSOG does not honor its guaranty simply underscores the utter lack of merit of its suit against Mr. Wiechmann. If one could stretch the signature block far

enough to create a plausible personal guaranty, there assuredly is nothing in the document that would make it contingent upon CSOG's failure to stand good on its obligation.

**Order**

Defendant Ashley A. Wiechman's motion to dismiss for failure to state a claim [#11] is GRANTED.  Plaintiff's claims against him are dismissed with prejudice.  Mr. Wiechman is awarded his costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 18th day of September, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge